IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy Case No. 05-40662-kw |
| | ) | Northern District of Ohio – Eastern Division |
| TIMOTHY MOTICHKO AND CYNTHIA MOTICHKO | ) ) | |
| | ) | Chapter 7 |
| Debtors | ) | |
| _____ | ) | Judge Kay Woods |
| | ) | |
| TIMOTHY MOTICHKO AND CYNTHIA MOTICHKO | ) ) | |
| | ) | |
| Plaintiffs | ) | Adversary Proceeding No. 08-04055 |
| -vs- | ) | |
| | ) | |
| PREMIUM ASSET RECOVERY CORP. | ) | |
| | ) | |
| Defendants | ) | |

1

# MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## STATEMENT OF PROCEEDINGS

The Plaintiffs' adversary proceeding "seeks redress for the unlawful and deceptive practices committed by the Defendant *in connection with [its] efforts to collect a debt discharged by the Debtors' bankruptcy*." *Comp.* at ¶1. (emphasis added). Plaintiffs commenced this adversary proceeding to assert a claim under §524 of the Bankruptcy Code for alleged violation of the discharge injunction and to assert related claims under the Fair Debt Collection Practices Act and Ohio tort law. *Ibid.*

On March 13, 2008, the Plaintiffs filed a motion to reopen the Debtors' chapter 7 bankruptcy case that was granted, ex parte, on March 17, 2008.

There is no private right of action for a violation of the discharge injunction. Further, the Bankruptcy Court lacks jurisdiction over the FDCPA and Ohio tort claims. While this adversary proceeding was filed shortly after the expedited order reopening the Debtors' chapter 7 case was entered, no motion to show cause was filed by the Debtors with respect to any alleged violations of the discharge injunction by the Defendant.

## STATEMENT OF FACTS

For purposes of this motion, the well-pleaded allegations set forth in the Plaintiff's Complaint are to be taken as true. *J.P. Morgan Chase Bank v. Winget*, 510 F.3d 577 (6th Cir. 2007); *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 477 F2d 383 (6th Cir. 1973). According to the Debtors' chapter 7 petition, Forum Health in Warren, Ohio was scheduled as an unsecured creditor of the Debtors, jointly, in the amount of $6,881.16. *Debtors' Petition, Schedule F at 3 of 5.* At the time their chapter 7 bankruptcy case was filed (February 15, 2005), Fidelity National Collections of Alliance, Ohio was seeking payment from the

Debtors on behalf of Forum Health. *Ibid.* According to the Debtors' schedules, there were multiple medical accounts associated with Forum Health, however, none of those accounts were specifically identified in the Debtors' petition. *Ibid.*

## MEMORANDUM OF LAW

### A. There Is No Private Right of Action for Alleged Violations of The Discharge Injunction.

The Plaintiffs allege in their Complaint that the Defendant is liable in civil damages for violating the discharge injunction set forth in §524(a)(2) of the Bankruptcy Code. *Comp.* at ¶¶ 2, 10, 13-17 and 24-29. However, no private right of action exists for a violation of the Bankruptcy Code's discharge injunction. In *Alexander v. Sandoval,* 532 U.S. 275 (2001), the United States Supreme Court identified the relevant inquiry for determining if Congress created a private right of action in a federal statute:

> Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress. The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right, but also a private remedy. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute. Raising up causes of action where a statute has not created them may be a proper function for common-law courts but not for federal tribunals.

*Id.* at 286-87

There is no evidence in the legislative history of §524 to indicate Congress intended to provide Debtors with a private right of action. In fact, the evidence is to the contrary. Unlike §362(h)[1] of the Bankruptcy Code that contains an express private right of action for a violation of the automatic stay, §524 does not expressly provide for any similar private cause of action.

---

[1] Section 362(h) was renumbered 362(k) in 2005, pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. The amendments went into effect after the Debtors filed their bankruptcy petition.

The recognition of a private right of action requires affirmative evidence of congressional intent in the statutes, or in its legislative history. *Tush, Ross & Co. v. Reddington,* 442 U.S. 560, 575 (1979). No evidence is present in §524's legislative history to indicate congress intended such a private right of action. Recently, the Sixth Circuit Court of Appeals held:

> Congress amended the Bankruptcy Code in 1984 to provide an express right of action under the automatic stay provision of 11 U.S.C. §362(h). It did so because reliance on the contempt power to remedy violations of §362 had been widely criticized. Congress amended §524 at the same time it amended §362, but no private right of action was added in §524. The contrast, we think, is instructive.

*Pertuso v. Ford Motor Credit Co.,* 233 F.3d 4147, 426 (6th Cir. 2000).

The Sixth Circuit held that §524 does not implicitly or explicitly create a private right of action for a violation of §524. Instead, the Court of Appeals held that the debtor's remedy was to bring a contempt proceeding in the underlying bankruptcy case.[2]

At the time *Pertuso* was decided, the Sixth Circuit noted that Congress was considering bankruptcy reform legislation, including a proposed amendment that would provide a private right of action under §524. *Pertuso* at 44, citing, H.R. 833 §114, 106 Cong., 2d Sess. (2000). As this Court knows, substantial revisions were made to §524 of the Bankruptcy Code as part of the Bankruptcy Abuse Prevention & Consumer Protection Act of 2005. However, Congress chose not to include a private right of action under §524.

---

[2] Bankruptcy Rule 7001 delineates what kind of proceeding is to be brought as an adversary proceeding in a bankruptcy case. None of the ten enumerated matters are applicable to the present case with the possible exception of Rule 7000(7) (proceeding to obtain an injunction or other equitable relief. . . .) However, an injunction already exists by virtue of the debtors' discharge . 11 U.S.C. §524. All other proceedings where relief is requested are to be presented by motion (as a contested matter) in accordance with Fed. R. Bankr. P. 9014(a), including a request for contempt relief. *See* Fed. R. Bankr. P. 9020.

4

Count I of the Plaintiffs' Complaint, asserting a private right of action for alleged violations of the discharge injunction, does not state a claim against the Defendant upon which relief can be granted. Accordingly, Count I of the Complaint should be dismissed.

**B.    The Bankruptcy Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims Under the Fair Debt Collection Practices Act and Ohio Law.**

The district courts have original and exclusive jurisdiction of all cases under Title 11 and original, but non-exclusive, jurisdiction of all civil proceedings arising under, arising in or related to a case under Title 11. 28 U.S.C. §1334. The district courts may refer §1334's jurisdictional grant to the bankruptcy courts. 28 U.S.C. §157(a).[3] Controversies arise *in* Title 11 when they "have no existence outside of the bankruptcy." *United States Trustee v. Gryphon at the Stone Mansion, Inc.,* 166 F.3d 552, 555 (3rd Cir. 1999). Claims arise *under* Title 11 if the claims "clearly invoke substantive rights created by bankruptcy law." *Glinka v. Federal Plastics Mfg., Ltd.,* 310 F.3d 64, 70 (2nd Cir. 2002). A proceeding is *related to* a bankruptcy case when "the outcome of that proceeding could conceivably have any effect on the estate and could alter the debtor's rights, liabilities, options or freedom of action. *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir. 1984). See also, *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, n.6 (1995) (whatever "related to" test is used, these cases make clear that bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor).

In order for a bankruptcy court to have jurisdiction over a cause of action, a case or controversy must exist that arises under, arises in or is related to a case under Title 11. Where a dispute concerns non-debtors parties, does not involve property of the estate, does not affect the administration of the estate or where the dispute will not affect payments to creditors under a

---

[3]    Defendant acknowledges that determinations as to a violation of the discharge injunction are core proceedings over which the Bankruptcy Court has jurisdiction to enter final orders under 28 U.S.C. §157(b)(2). *See, In Re. Perviz,* 302 B.R. 357, 364-65 (Bankr. N.D. Ohio 2003).

5

08-04055-kw    Doc 13    FILED 05/07/08    ENTERED 05/07/08 15:44:07    Page 5 of 11

confirmed plan, the bankruptcy court will generally not have subject matter jurisdiction under §1334.

The Debtors' causes of action under Counts II and III. (FDCP and Ohio law invasion of privacy) are not ones that "arise in" or "arise under" Title II of the Bankruptcy Code. *Buckingham v. Baptist Memorial Hospital-Golden Triangle*, 283 B.R. 691 (N.D. Miss. 2002) (denying a motion to transfer a case to the bankruptcy court when the debtor sued the creditor asserting causes of action under RICO, the Fair Debt Collection Practices Act, and various state laws because the bankruptcy estate would be totally unaffected by the outcome of the litigation); *Csondor v. Weinstein, Treiger & Reilly*, *P.S.,* 309 B.R. 124 (Bankr. E.D. Pa. 2004) (holding that the debtor's state law claims arising out of the creditor's post-discharge collection activities did not relate to the bankruptcy case because the claims arose after the bankruptcy was filed, and they would not have impacted the bankruptcy estate because any recovery under the claims would have belonged to the debtor and not to the estate); *Steele v. Ocwen Federal Federal Bank*, 258 B.R. 319, 321 (Bankr. D.N.H. 2001) ("[T]he FDCPA and state law claims do not fall within the bankruptcy courts related to jurisdiction.' Any recovery by the party would be his alone and would not inure to the benefit of the bankruptcy estate."); *In re: Goldstein*, 201 B.R. 1, 4-5 (Bankr. D.Me. 1996) (holding the bankruptcy court did not have subject matter jurisdiction over the debtor's FDCPA claims because those claims were neither created nor determined by Bankruptcy Code).

Accordingly, the bankruptcy court lacks subject matter jurisdiction over Counts II and III of the Plaintiffs' Complaint and the same should be dismissed.

6

08-04055-kw    Doc 13    FILED 05/07/08    ENTERED 05/07/08 15:44:07    Page 6 of 11

### C. No Supplemental Jurisdiction Exists Over the Debtors' State Law Claim.

Because the Debtors' tort claim under Ohio law does not arise under, arise in or is related to a case under Title 11, the remaining jurisdictional issue is whether the Court may exercise supplemental jurisdiction over such a claim pursuant to 28 U.S.C. §1367(a). Even if a district court's exercise of supplemental jurisdiction were appropriate, Congress has not extended §1367's jurisdictional grant to the bankruptcy courts.

By its express terms, §1367(a) provides that "the district court shall have supplemental jurisdiction." No similar grant of authority to the bankruptcy courts exists in the statute. The jurisdictional support for the bankruptcy court is set forth in §1334. Moreover, pursuant to §157(a), the district court may refer to the bankruptcy court all cases "under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11." This language plainly refers to the grant of federal jurisdiction over bankruptcy case in §1334 and does not include any reference to the grant of supplemental jurisdiction to the district courts under §1367.

Exercising supplemental jurisdiction by a bankruptcy court under §1367 to include claims having some relationship to the bankruptcy proceedings would make the Court's "related to" jurisdiction under §1334(b) meaningless. Essentially, an exercise of a court's supplemental jurisdiction under §1367 would include all or nearly all instances to which §1334(b) would apply. Even if one were to assume that the bankruptcy court's "related to" jurisdiction is itself a grant of supplemental jurisdiction to the bankruptcy court, §1367 is still unavailable as it expressly states that "except. . . as expressly provided by federal statute . . . the district court

7

08-04055-kw    Doc 13    FILED 05/07/08    ENTERED 05/07/08 15:44:07    Page 7 of 11

shall have jurisdiction. . . ." 28 U.S.C. §1367(a). In this instance, jurisdiction is provided expressly by §1334.

The United States Supreme Court has held that federal jurisdiction is created by written law. *Findley v. United States*, 490 U.S. 545, 547 (1989). Before a federal court may exercise jurisdiction over a matter, two things are necessary: "(1) the Constitution must have given the Court the capacity to take it; and (2) an act of Congress must have supplied it." *Id. at 548.* Reading §§157 and 1334 to include a grant of supplemental jurisdiction under §1367 when no express statutory grant is present is beyond the jurisdiction of the "written law."

The aim of the Bankruptcy Code is to secure an equal distribution among creditors. *Howard Delivery Serv. v. Zurich American Insurance Co.*, 126 S.Ct. 2105. 2109 (2006). Since the Debtors' claims have no affect on their bankruptcy estate, supplemental jurisdiction is not available. Accordingly, Counts II and III of the Complaint should be dismissed

### D. Plaintiffs' Claims Under the Fair Debt Collection Practices Act and Ohio law are Pre-empted by the Bankruptcy Code.

The Debtors seek to pursue affirmative claims against the Defendant for violations of the Fair Debt Collection Practices Act and Ohio tort law arising out of the Defendant's alleged breach of the discharge injunction. *Comp., supra.* Assuming the bankruptcy court has subject matter jurisdiction, the claims are pre-empted.

In *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, 509-10 (9th Cir. 2002), a debtor sued her mortgage company for its post-discharge collection attempts. *Id.* at 504. The debtor asserted that she had the right to sue for violations of the §524 discharge injunction and for violation of the FDCPA. *Id.* The *Walls* court determined that §524 does not – implicitly or through the enforcement provisions of 11 U.S.C. §105(a) – give rise to any private right of action. *Walls* at 507-09. The court further held that because §524 does not provide a private right of action, a

debtor cannot bring an FDCPA claim based on post-discharge collection attempts because "to permit a simultaneous claim under the FDCPA would allow through the back door what Walls cannot accomplish through the front door – a private right of action." *Id. at 509-10.* See also *Jones v. Wolpoff & Abramson, LLP,* Slip Op. 05-5774 (January 31, 2006) (Plaintiff's FDCPA claims are pre-empted by the Bankruptcy Code and must be dismissed).

The Sixth Circuit in *Pertuso, supra* addressed the issue of state law pre-emption as well:

> As Ford correctly points, the Pertusos' state law claims pre-suppose a violation of the Bankruptcy Code. Permitting assertion of a host of state law causes of action to redress wrongs under the Bankruptcy Code would undermine the uniformity the Code endeavors to preserve and would "stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."

*Pertuso* at 66, citing *Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 562-63 (6th Cir. 1998).

In this case, the conduct giving rise to the Plaintiffs' FDCPA and invasion of privacy tort claims pre-suppose the Defendant's alleged violation of the discharge injunction. Accordingly, since Congress has demonstrated its intention to pre-empt the field, the Plaintiffs' FDCPA and state law claims are pre-empted by the Bankruptcy Code and Counts II and III of the Complaint should be dismissed.

## **CONCLUSION**

Based upon the foregoing, the Defendant respectfully requests that the Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/ Stephen M. Bales

---

STEPHEN M. BALES (0003380)
JEFFREY L. KOBERG (0047386)
ZIEGLER, METZGER & MILLER LLP
2020 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115-1441
Phone: (216) 781-5470
Fax: (216) 781-0714
sbales@zieglermetzger.com
jkoberg@zieglermetzger.com
*Attorneys for Premium Asset Recovery Corp.*

## CERTIFICATE OF SERVICE

   I hereby certify that on May 7, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A true and accurate copy of said pleading was also served upon the following by ordinary U.S. Mail:

Philip D. Zuzolo, Esq.
Zuzolo, Zuzolo, Zuzolo & Zuzolo
700Youngstown-Warren Road
Niles, Ohio 44446

Mr. and Mrs. Timothy Motichko
108 Morrison Street
Struthers, Ohio 44471

Office of the United States Trustee
Howard M. Metzenbaum U.S. Courthouse
201 Superior Avenue
Cleveland, Ohio 44114

Michael D. Buzulencia, Esq.
150 East Market Street, Suite 300
Warren, Ohio 44481

              /s/ Stephen M. Bales