UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>Timothy Motichko and Cynthia Motichko<br>**************************<br><br>Timothy Motichko and Cynthia Motichko<br>108 Morrison St<br>Struthers Oh 44471<br><br>        Plaintiffs,<br>vs.<br><br>Premium Asset Recovery Corp.<br>350 Jim Moran Blvd<br>STE 210<br>Deerfield Beach, FL 33442<br><br>        Defendant. | CASE NO: 05-40662-kw<br><br>ADV. PRO. NO. 08-04055<br><br>JUDGE KAY WOODS<br><br>COMPLAINT |

## RESPONSE MEMORANDUM TO DEFENDANTS MOTION TO DISMISS

### I. DISCHARGE INJUNCTION
*ADVERSARY v. CONTESTED MATTER*

The Defendants first issue is that Count One of the complaint for Willful Violation of the Discharge Injunction should be dismissed because the action should have been brought by motion as a contested matter instead of as an Adversary Proceeding. The Defendant states that BR 7001 limits what actions can be brought as adversary proceedings. However, BR 7001 does not limit what actions may be brought as an adversary proceeding but states what actions must be brought as

an adversary proceeding rather than by contested matter. The essential difference between an adversary proceeding and a contested matter centers on the notice requirements of the action. In an adversary proceeding, the Defendant is provided with the procedural safeguards of formal notice and summons. On the other hand, a contested matter may be commenced simply through motion practice. In *In Re Fuller*, the Court stated:

"What distinguishes an adversary proceeding from a contested matter is that an adversary proceeding must be commenced by the filing and service of a complaint which meets specific notice and formatting requirements." 255 B.R. 300, 305-306 (ED Mich. 2000). The Court went on further to state that "The Supreme Court determined that the relief sought in any of the matters described in subsections (1) through (10) of Rule 7001 was of sufficient consequence to the affected party that the party deserved something more than a copy of a generic motion which may have been mailed to countless other creditors…" Id.

It is clear that the underlying policy for certain actions to be brought as adversary proceedings is for the protection of due process for the Defendant, including the formal notice and summons. While a discharge injunction can be brought by motion as a contested matter, the filing of the discharge injunction as an adversary proceeding actually affords the Defendant a higher degree of protection of their constitutional rights. Therefore, there is no reason to dismiss Count One of the complaint to simply have the case brought as a motion.

The remainder of the Defendant's Motion to Dismiss is moot as the Plaintiff has filed a notice of dismissal as to Count Two and Count Three.

WHEREFORE, the Plaintiffs request this Honorable Court to deny the Defendant's Motion to Dismiss as to Count One.

Respectfully Submitted,

/s/Philip D. Zuzolo
Philip D. Zuzolo.
Regis No 0081865
700 Youngstown Warren
Niles, OH 44446
330-652-1609
Lawyers@zuzolo.com
Attorney for the Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Response Memorandum has been filed with the Court ECF/CM system and sent by regular US Mail on this 2nd day of June 2008 to the following:

OFFICE OF THE UNITED STATES TRUSTEE
HOWARD M METZENBAUM
201 SUPERIOR AVE
CLEVELAND, OH 44114

MICHAEL D. BUZULENCIA, ESQ
150 EAST MARKET ST
STE 300
WARREN OH 44481

STEPHEM M. BALES
ZIEGLER, METZGER, & MILLER LLP
2020 HUNNTINGTON BUILDING
925 EUCLID AVENUE
CLEVELAND OH 44115

Respectfully Submitted,

/s/Philip D. Zuzolo
Philip D. Zuzolo.
Regis No 0081865
700 Youngstown Warren
Niles, OH 44446
330-652-1609
Lawyers@zuzolo.com